## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00810 SPM |
| | ) | |
| RUG DOCTOR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Benjamin Thurman for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

1

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who filed the instant civil action against his former employer Rug Doctor. Plaintiff claims that he is suing Rug Doctor under the Privacy Act of 1974, the "Matching Privacy Act of 1998," the Wiretap Act, the Electronic Communication Privacy Act and for "surreptitious stalking."

Plaintiff alleges that he was hired by Rug Doctor as a repair technician in September of 2020, and that approximately a year later he noticed that someone at work had written a racially insensitive term on some of his documents. He states that in addition, he was subjected to slur words behind his back by certain coworkers. Plaintiff claims that eventually, he was written up at work and told that he was being discharged for "insubordination." He states that his brother died shortly before his termination. However, he does not indicate how his brother's death is related to his discharge from his employment at Rug Doctor.

Plaintiff alleges in a conclusory manner that he has been the victim of unlawful harassment and stalking. Plaintiff alleged that he was seeking injunctive relief to stop the harassment and stalking.

Plaintiff seeks monetary damages in this action.

**Discussion**

The Court finds that plaintiff's claims against Rug Doctor are subject to dismissal. This is the second case plaintiff has brought against defendant Rug Doctor with the exact same claims. *See Thurman v. Rug Doctor*, No. 4:23-CV-659 SPM (E.D.Mo.). Plaintiff filed his prior case against Rug Doctor on May 17, 2023, and just as in this case, he alleged unlawful termination, harassment, stalking, invasion of privacy, violations of the Privacy Act, Wiretap Act, Electronic Communications Privacy Act and the Foreign Intelligence Surveillance Act. *Id.*

In *Thurman v. Rug Doctor*, No. 4:23-CV-659 SPM (E.D.Mo.), when the Court ordered plaintiff to amend his complaint to substantiate the jurisdictional bases for his claims, he added claims under the: "Privacy Act of 1974; Computer Match and Privacy Act of 1998; Wiretap Act; and Electronic Communication Privacy Act." However, plaintiff failed to properly articulate how his claims related to his alleged unlawful termination from Rug Doctor. *Id.* Moreover, plaintiff

3

failed to show that there was a private right of action under any of the aforementioned statutes. *Id.* The Court dismissed plaintiff's complaint on September 19, 2023, pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Eighth Circuit Court of Appeals dismissed plaintiff's appeal on January 25, 2024, for lack of jurisdiction. *See Thurman v. Rug Doctor*, No. 23-3662 (8ᵗʰ Cir. 2024). Despite this, plaintiff refiled the exact same action on June 11, 2024, in the instant case.

For the same reasons as those set forth in *Thurman v. Rug Doctor*, No. 4:23-CV-659 SPM (E.D.Mo.), this case is also subject to dismissal. Plaintiff has failed to properly set forth in his complaint the factual assertions relating to his alleged claims or indicate how his facts support a statutory basis for relief.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil,* 508 U.S. at 113. Here, plaintiff has not done so. While this Court must liberally construe pro se filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone,* 364 at 914-15 (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded).

Additionally, plaintiff's allegations and his prayer for relief are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Additionally, the allegations in the instant complaint, which plaintiff has filed in forma pauperis, are duplicative of the allegations plaintiff brought in *Thurman v. Rug Doctor*, No. 4:23-CV-659 SPM (E.D.Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While

4

the dismissal of *Thurman v. Rug Doctor*, No. 4:23-CV-659 SPM (E.D.Mo.), "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v.Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Thurman v. Rug Doctor*, No. 4:23-CV-659 SPM (E.D.Mo.), has res judicata effect and establishes that this second, nearly identical complaint is frivolous for § 1915(e) purposes. The Court will therefore dismiss the complaint as frivolous under § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE